IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| STACEY SCHAD, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. SAG-14-527 |
| FAGER'S ISLAND, LTD., *et al.* | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Stacey and Kirk Schad ("Plaintiffs") sued Defendants Fager's Island, Ltd., Fager's, LLC, The Lighthouse Club Hotel, and The Edge at The Lighthouse Club Hotel (collectively, "Defendants") for injuries Stacey Schad allegedly sustained as an invitee on Defendants' property in September, 2013. *See* [ECF No. 1]. On December 4, 2015, the parties reached a settlement of the lawsuit. Defs.' Mot. for Fees ¶ 5. Presently pending, however, is Defendants' Motion for Assessment of Expert Witness Fees ("Motion for Fees") for the discovery deposition of Defendants' vocational rehabilitation expert, Ruth Fast. *See* [ECF No. 43]. I have reviewed Defendants' Motion, and Plaintiffs' Opposition thereto, [ECF No. 44]. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). For the reasons set forth herein, Defendants' motion will be GRANTED in part and DENIED in part.

I. BACKGROUND

Plaintiffs alleged that on September 13, 2013, at approximately 11:50 p.m., Stacey Schad, who was legally on Defendants' property as an invitee, tripped and fell as a result of a dangerous condition on the property. Compl. ¶ 10. According to the Complaint, Ms. Schad "sustained

injuries in and about her body and extremities," which prevented her from "attending to her usual and daily occupation and daily duties, resulting in a loss of earnings and/or a reduction in earning capacity." *Id.* at ¶¶ 13, 15. In the course of investigating these allegations during the discovery period, Defendants retained Ruth Fast, a vocational rehabilitation expert. Defs.' Mot. for Fees 1. Plaintiffs noted the discovery deposition of Ms. Fast, which was to be held on December 3, 2015. *Id.* The deposition was scheduled to take place in Richmond, Virginia, two hours from Ms. Fast's home and office in Kilmarnock, Virginia. *Id.* at ¶ 2. Given the distance between Richmond and Kilmarnock, both parties attempted to find an alternate suitable deposition location, to no avail. *Id.* Ms. Fast was ultimately deposed in Richmond on December 3, 2015, from 10:00 a.m. until approximately 4:40 p.m. *Id.* at ¶ 3.

Ms. Fast bills at the following rates for depositions: $500.00 per hour for the first hour of deposition, $250.00 per hour for each subsequent hour, $250.00 per hour of travel time, $0.565 per mile traveled to and from the deposition, and any parking expenses. *See id.* at Ex. 2, 3. While the parties settled the underlying litigation on December 4, 2015, *see id.* at ¶ 5 & Ex. 5, Plaintiffs now dispute the assessment of Ms. Fast's expert fees, which resulted in Defendants filing the instant motion. Opp. 1.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 26 requires courts to order the party seeking an expert witness's deposition to "pay the expert a reasonable fee for time spent in responding" to the deposition request, "unless manifest injustice would result." Fed. R. Civ. P. 26(b)(4)(E). The goal of Rule 26(b)(4)(E) is "to calibrate the fee so that one party will not be hampered in efforts to hire quality experts, while the opposing party will not be burdened by unfairly high fees preventing feasible discovery and resulting in windfalls to the expert." *Anthony v. Abbot Labs*,

106 F.R.D. 461, 465 (D.R.I. 1985); *Fleming v. United States*, 205 F.R.D. 188, 189 (W.D. Va. 2000). The party seeking reimbursement bears the burden of demonstrating that the expert's requested fees and expenses are reasonable. *See Packer v. SN Servicing Corp.*, 243 F.R.D. 39, 42 (D. Conn. 2007).

In keeping with the "paucity of authority" on this issue, *see* 8A Charles A. Wright & Arthur R. Miller, *et al.*, *Federal Practice & Procedure* § 2034 (3d ed.), this Court has not directly determined what constitutes a "reasonable fee" under Rule 26(b)(4)(E). However, Local Rule 104.11, titled "Interpretation of Fed. R. Civ. P. 26(b)(4)(E)," is instructive, in mandating that "[t]he expert may not charge an opposing party for a discovery deposition a fee at any hourly rate higher than the rate he or she charges for the preparation of his or her report." Loc. R. 104.11.a (D. Md. 2014). Moreover, Guideline 3 of the Local Rules list the following as factors that "may be considered" in determining whether a fee is reasonable: "(1) the expert's area of expertise; (2) the expert's education and training; (3) the fee being charged to the party who designated the expert; and (4) the fees ordinarily charged by the expert for non-litigation services, such as office consultations with patients or clients." Guideline 3.a of the Discovery Guidelines for the United States District Court for the District of Maryland, Loc. R. App. A (D. Md. 2014).

Also helpful in the instant analysis are cases from other federal district courts, both within and outside of the Fourth Circuit, which set forth factors to be considered in determining whether or not a fee is reasonable: "(1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the

expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26." *See Massasoit v. Carter*, 227 F.R.D. 264, 265 (M.D.N.C. 2005) (noting the seven factors and citing cases which use and address them); *U.S. Energy Corp. v. NUKEM, Inc.*, 163 F.R.D. 344, 345-46 (D. Colo. 1995) (same); *Jochims v. Isuzu Motors, Ltd.*, 141 F.R.D. 493, 495 (S.D. Iowa 1992) (same).  Both the District Court for the District of Columbia and the District Court for the District of Connecticut omit the seventh "catch-all" factor, and substitute the "cost of living in a particular geographic area" as a factor to be considered in the reasonableness analysis. *See Barnes v. District of Columbia*, 274 F.R.D. 314 (D.D.C. 2011); *Goldwater v. Postmaster General of U.S.*, 136 F.R.D. 337, 340 (D. Conn. 1991).

### III.   DISCUSSION

As a preliminary matter, it must be noted that Defendants did not make a good faith effort to resolve the present discovery dispute without judicial intervention. *See* Defs.' Mot. for Fees Ex. 5 (containing e-mail exchanges between counsel for Defendants and counsel for Plaintiffs which evince disagreement regarding Ms. Fast's deposition fees, wherein counsel for Defendants states, in response to Plaintiffs' argument that Ms. Fast's fee was unreasonable, "If [Ms. Fast's fee with a $75.70 reduction] is not acceptable to you, we need to give Judge Gallagher a call and let her resolve the issue," and responds to Plaintiffs' counsel's statements that the fee reduction was not acceptable by stating, "Let's take it up with Judge Gallagher."). Defendants thus also failed to file the requisite certificate attesting to a good faith effort having been made, as required by Local Rule 104.7(a). *See* Loc. R. 104.7(a) ("Counsel shall confer with one another concerning a discovery dispute and make sincere attempts to resolve the differences between them.  The Court will not consider any discovery motion unless the moving party has filed a

certificate reciting (a) the date, time and place of the discovery conference and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court."). Despite Defendants' failure to file a Local Rule 104.7 certificate, I will nevertheless address the pending motion so that this litigation may be fully concluded. *See Madison v. Harford Cnty., Md.*, 268 F.R.D. 563, 564-65 (D. Md. 2010).

Plaintiffs dispute three aspects of Ms. Fast's fee. First, they argue that, under Local Rule 104.11, her hourly rate may not exceed $200.00 and must be reduced accordingly. Second, they argue that Ms. Fast's billing rate for her travel time is unreasonable. Finally, they argue that Ms. Fast's unpreparedness for her deposition "unreasonably lengthened" the deposition time, which resulted in an excessive bill. Defendants assert that Plaintiffs' objections to Ms. Fast's fees are unwarranted because Ms. Fast's rate is the same rate charged by Plaintiffs' vocational expert, John Risser. Moreover, Defendants argue that Plaintiffs' allegations of Ms. Fast's unpreparedness are unfounded.

As to Plaintiffs' first argument, Local Rule 104.11 indeed mandates in favor of a fee reduction. While Defendants failed to provide documentation, such as an invoice, showing the rates Ms. Fast charged Defendants to prepare her vocational report, Ms. Fast testified at her deposition that, at the time she was retained as an expert by Defendants, she charged $200.00 per hour for non-testimony expert work. *See* Fast Dep. Tr., [ECF No. 44-1], at 47:12, 47:25-48:1-8. Ms. Fast testified that, subsequent to being retained in the instant matter, she raised her rates to $250.00 per hour. *Id.* at 49:10-14. Since Local Rule 104.11 does not permit experts to charge a higher rate for deposition testimony than for the preparation of their reports, Ms. Fast's testimony rates of $500.00 per initial hour, and $250.00 per subsequent hour, are conclusively unreasonable for matters proceeding in this Court. As such, her hourly fees will be reduced to

$200.00 per hour, her standard hourly rate for non-testimony work at the time she was retained by Defendants.

Plaintiffs also dispute the reasonableness of Ms. Fast's travel fees. Plaintiffs concede that Ms. Fast is entitled to reimbursement for her travel from Kilmarnock to Richmond, but contend that Defendants' unexplained decision to retain Ms. Fast, an expert "from an extreme rural setting," versus "the thousands of experts available in the Baltimore / D.C. metro area," merits a reduction in her travel expenses to, at most, $100.00 per hour for travel time (half of Ms. Fast's Local Rule 104.11(a)-mandated hourly rate). Opp. 6-7. Plaintiffs assert that "this Court must determine whether it is reasonable to force Plaintiffs to pay Ms. Fast for simply driving to the nearest available facility that could accommodate the video deposition" when Defendants "have not, and cannot, demonstrate that an equally skilled local expert was unavailable to them in this matter." *Id.* at 6.

While some courts have found that travel time is not compensable where the party seeking reimbursement chose a non-local expert and made no showing that an equally skilled local expert was unavailable, *see Mark Andrew of the Palm Beaches v. GMAC Commercial Mortg. Corp.*, No. 01-CIV-1812, 2003 WL 21767633, at *2 (S.D.N.Y. July 31, 2003), in light of Plaintiffs' also choosing a non-local expert, *see* Defs.' Mot. for Fees Ex. 7, I decline to extend that principle to the present case. Moreover, while travel time is often reduced by courts to a rate of one-half of the expert's normal hourly rate, *see, e.g.*, *U.S. v. 1,604 Acres of Land*, 275 F.R.D. 234, 235 (E.D. Va. 2014) (citing multiple cases from federal district courts where the court has reduced an expert's travel time rate to half the regular amount charged), such a reduction is unwarranted in the instant case, where the record shows that one of Plaintiffs' experts, Mr. Fermano, billed—or was prepared to bill—for his travel to Defendants' deposition from

6

Plaintiffs' Mount Laurel, New Jersey office at the full rate. Defs.' Mot. for Fees Ex. 7. *Accord Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 646 (E.D.N.Y. 1997) (permitting travel time to be billed at the same hourly rate as deposition time). As discussed above, however, Local Rule 104.11.a requires that Ms. Fast's hourly rate be reduced to $200.00. Ms. Fast's travel time will therefore be billed at $200.00 per hour, for a total of $800.00 for the four hours she spent traveling to and from the deposition. Her mileage and parking charges are undisputed, and will remain unchanged.

Finally, Plaintiffs dispute the reasonableness of paying Ms. Fast for over seven hours of deposition testimony, because Plaintiffs assert that Ms. Fast was unprepared. Specifically, Plaintiffs allege that Ms. Fast's supplemental report was not timely provided, that she was unfamiliar with the contents of her initial and supplemental reports, that she was unable to provide the methodologies used in preparing her reports during the deposition, that her expert report(s) did not directly respond to or rebut Plaintiffs' experts' opinions, and that she did not further amend her supplemental report upon arriving at a revised opinion regarding Stacey Schad's future employment capabilities, as required by Federal Rule 26(e)(1). I find that Ms. Fast's conduct and the context of the deposition unreasonably extended the deposition such that a slight reduction in total deposition hours is warranted.

Federal Rule of Civil Procedure 26(e) confers a duty on all parties to supplement or correct any expert reports required to be disclosed under Rule 26(a)(2)(B). *See* Fed. R. Civ. P. 26(e)(2). During her deposition, Ms. Fast noted, for the first time, that she had revised her opinion about Stacey Schad's future employment capabilities since providing her initial and supplemental reports to Plaintiffs. *See* Fast Dep. Tr. 64:2-9, 67:7-16. Under Rule 26(e)(2), Ms. Fast was required to have supplemented her latest report upon amending her judgment of Stacey

7

Schad's future work prospects. Because she did not do so, Plaintiffs were required to spend four pages of deposition testimony discussing Ms. Fast's modifications to her expert opinion, of which Plaintiffs were previously unaware. Further, Defendants failed to ensure, prior to the deposition, that Plaintiffs' counsel had received the November 23, 2015 supplemental report that Ms. Fast did issue, which Defendants served to Plaintiffs by e-mail to Plaintiffs' counsel on December 1, 2015. Opp. 7. Plaintiffs' counsel did not receive the supplemental report because the e-mail was flagged as suspicious by counsel's mail server. *Id.* As such, the report had to be e-mailed to Plaintiffs' counsel during the deposition, and counsel was required to expend time during the deposition reviewing the report. Altogether, factoring in the time required for Plaintiffs' counsel to review the missing documents and to question Ms. Fast about the absence of the Rule 26(e)-required supplemental opinions, these defects merit a reduction of one hour in deposition time.

In light of the rulings contained herein, the parties' requested sanctions against one another are unwarranted. Plaintiffs are required to pay Ms. Fast's expert fees at the reduced rates discussed herein, and with the appropriate reductions discussed herein. The reductions result in a fee of $1,200.00 for deposition testimony (a reduced $200.00 per hour rate for the reduced deposition time of six hours); $800.00 for travel expenses (a reduced $200.00 per hour rate for travel time); and $119.70 (the undisputed travel expense mileage rate of $0.565 per mile, and $18.00 for parking), for a total expert fee of $2119.70.

IV. **CONCLUSION**

For the reasons set forth above, Defendants' Motion for Assessment of Expert Witness Fees, [ECF No. 43], is GRANTED in part and DENIED in part, with the appropriate reductions as discussed herein.

Dated: March 4, 2016                                     /s/
                                                Stephanie A. Gallagher
                                                United States Magistrate Judge